UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY U.,

           Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. C22-5192-BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff appeals the ALJ's decision finding him not disabled. He contends the ALJ erroneously evaluated the "medical evidence" and his testimony, and consequently also erred in assessing residual functional capacity (RFC) and at step-five. Dkt. 12 at 2. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 69 years old, served in the United States Navy, and worked as a military police officer and cement truck driver. Tr. 194, 1377-1379. In 2010, he applied for benefits, alleging disability as of December 31, 2002, with a date last insured ("DLI") of March

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 1

1 | 31, 2008.[1] Tr. 1343-44.  After his application was denied, the ALJ conducted a hearing in
2 | November 2011, and subsequently found Plaintiff not disabled.  r. 21-33.

3 | The Appeals Council denied Plaintiff's request for review (Tr. 1-5), and Plaintiff
4 | appealed to the U.S. District Court for the Western District of Washington. The Court affirmed
5 | the ALJ's decision, Tr. 951-72.  Plaintiff appealed, and the Ninth Circuit Court of Appeals
6 | reversed the in part and remanded for further administrative proceedings, instructing the ALJ to
7 | reconsider the disability rating provided by the Department of Veterans Affairs ("VA") and to
8 | address the medical opinion of Dr. Ezatola Rezvani, M.D.  Tr. 940-45. The Ninth Circuit
9 | summarily rejected Plaintiff's other assignments of error, finding them "unpersuasive."  Tr. 942.

10 | On remand, a different ALJ held a hearing in September 2018 (Tr. 873-907), and
11 | subsequently issued a decision finding Plaintiff not disabled. Tr. 855-66. Plaintiff appealed to the
12 | U.S. District Court for the Western District of Washington. The Court found under the law of the
13 | case doctrine, it would consider only the ALJ's treatment of Dr. Rezvani's opinion and the VA's
14 | disability determination. 1414-26. The Court affirmed the ALJ's treatment of Dr. Rezvani's
15 | opinion but reversed the ALJ's decision and remanded for further administrative proceedings
16 | with instructions to reconsider the VA disability determination.  *Id*.

17 | On remand, the ALJ held a hearing in November 2021 (Tr. 1368-89) and subsequently
18 | issued a decision finding Plaintiff not disabled.  Tr. 1341-60.  Plaintiff now requests judicial
19 | review of the ALJ's 2021 decision.  Dkt. 1.

**DISCUSSION**

21 | **A.     VA Disability Determination and Rating**

---

[1] Plaintiff amended his alleged onset date at his 2018 hearing (Tr. 905), but did not acknowledge this amendment at his 2021 hearing. *See* Tr. 1343-44.  In the decision currently on appeal, the ALJ referenced the original alleged onset date.  *See* Tr. 1341.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 2

During the adjudicated period, the VA rated Plaintiff's degree of disability between 70% and 100%, ultimately concluding Plaintiff had not been able to perform even sedentary work since February 2004. Tr. 139-40, 184, 829-51 (finding Plaintiff "probably would not qualify for sedentary work because of [his] educational background and service connected disabilities" and was therefore unemployable). The ALJ gave little weight to the VA disability determinations, finding them inconsistent with the 2003 opinion of examining physician Marc Suffis, M.D. (Tr. 556-71), and inconsistent with and unsupported by the contemporaneous treatment notes. Tr. 1354-56. Under regulations applicable to this case, an ALJ must provide persuasive, specific, valid reasons that are supported by the record for discounting a VA disability rating. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

Plaintiff argues the ALJ's reasoning is insufficient because none of the evidence cited by the ALJ is actually inconsistent with the VA disability determinations. Dkt. 12 at 13-14. Plaintiff's argument is unpersuasive because Dr. Suffis's opinion Plaintiff can perform light work is directly inconsistent with the VA disability ratings finding Plaintiff cannot perform even sedentary work. *Compare* Tr. 570-71 *with* Tr. 829-51. And although, as Plaintiff emphasizes (Dkt. 12 at 13 (citing Tr. 1355)), the imaging studies cited by the ALJ do not directly contradict the VA disability ratings, the ALJ did not rely only on imaging studies. The ALJ reasonably found the contemporaneous treatment notes indicate that Plaintiff reported pain only intermittently during the adjudicated period and focused "more on other issues, such as monitoring his cholesterol and weight, stopping his tobacco use, reducing his caffeine intake, and treating various acute conditions unrelated to his musculoskeletal conditions." Tr. 1354.

The ALJ also surveyed the treatment notes on a condition-by-condition basis, explaining why the treatment notes pertaining to the conditions listed in the VA's decision finding total

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 3

unemployability did not, in the ALJ's view, support the existence of disabling limitations. Tr. 1354-56. The ALJ did not simply rely on a lack of corroboration in the treatment notes, but referenced the lack of ongoing treatment or complaints for the multiple conditions found to contribute to Plaintiff's unemployability in the VA ratings. *Id*. The ALJ reasonably found the VA ratings to be inconsistent with and unsupported by the longitudinal record and the opinion of Dr. Suffis, and these are persuasive, specific, and valid reasons to discount the VA ratings. *See Cassel v. Berryhill*, 206 Fed. Appx. 430, 432 (9th Cir. Dec. 15, 2017) (affirming an ALJ's discounting of a VA rating "based on inconsistency with other medical records that did not support a finding of 100% disability"); *Kevin B. v. Berryhill*, 2019 WL 3344626, at *8 (S.D. Cal. Jul. 25, 2019) (affirming an ALJ's discounting of a VA rating based on lack of support in the medical record). Accordingly, the Court affirms this part of the ALJ's decision.

**B.     Opinion of Corey Finnerty-Ludwig, M.D.**

Dr. Finnerty-Ludwig, Plaintiff's treating physician, opined in October 2021 Plaintiff had not been able to complete even sedentary work since before his DLI (March 31, 2008) "due to chronic hip and back issues that make it difficult for him to work on a regular, sustained basis." Tr. 1627-29.

The ALJ discounted Dr. Finnerty-Ludwig's opinion because: (1) her opinion was not based on a review of the medical evidence during the period, but on a summary of evidence provided by Plaintiff's attorney; (2) her conclusions are inconsistent with the longitudinal treatment record showing only at most mild objective findings, only intermittent complaints, and conservative treatment; (3) she relies on Plaintiff's non-credible self-reporting; and (4) the opinion is inconsistent with the opinions of doctors who had the opportunity to examine Plaintiff during the adjudicated period. Tr. 1357. Where contradicted, a treating or examining doctor's

opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).[2]

Plaintiff argues the ALJ's reasons to discount Dr. Finnerty-Ludwig's opinion are not specific and legitimate but fails to address any of the ALJ's reasons with any degree of specificity. *See* Dkt. 12 at 12. Accordingly, Plaintiff fails to meet his burden to identify harmful legal error in the ALJ's assessment of Dr. Finnerty-Ludwig's opinion, and the Court finds the ALJ's reasons are legally sufficient. Dr. Finnerty-Ludwig began treating Plaintiff years after the DLI, and the 2021 opinion was rendered 13 years after the DLI. It is not clear Dr. Finnerty-Ludwig reviewed all of Plaintiff's treatment records during the adjudicated period. *See* Tr. 1627-29. Dr. Finnerty-Ludwig generally refers to Plaintiff's current conditions, symptoms and functioning in the present tense, and did not cite any evidence dating to the adjudicated period to support her opinion. *Id*. The ALJ reasonably relied on opinions rendered by acceptable medical sources during the adjudicated period over Dr. Finnerty-Ludwig's 2021 opinion. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (holding that an ALJ may discount a post-DLI opinion that is inconsistent with pre-DLI evidence).

**C.     Law of the Case**

Plaintiff's remaining assignments of error restate arguments previously rejected by this Court or the Ninth Circuit, specifically as to the ALJ's findings at step two, assessment of Plaintiff's testimony, and discounting of certain medical opinions (written by Dr. Suffis; Ezatolah Rezvani, M.D.; Dana Tell, ARNP; and Betty Bennett, ARNP). Indeed, in a prior court

---

[2] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 apply to the ALJ's consideration of medical opinions.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 5

remand order, the U.S. District Court for the Western District of Washington affirmed the ALJ's assessment of Dr. Rezvani's opinion, and found that the law of the case doctrine applied to the ALJ's findings at step two, assessment of Plaintiff's testimony, and discounting of the opinions of Dr. Suffis, Ms. Tell, and Ms. Bennett, because the Ninth Circuit had found no merit in Plaintiff's challenge to those parts of the ALJ's decision. *See* Tr. 1417-18.

"The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *Herrington v. Cty. of Sonoma,* 12 F.3d 901, 904 (9th Cir. 1993). Plaintiff argues that the prior court remand order erred in applying the law of the case doctrine to arguments summarily rejected as unpersuasive, without further explanation, by the Ninth Circuit.³ Dkt. 14 at 2.

Plaintiff has not presented a persuasive challenge to the application of the law of the case doctrine under the circumstances of this case, nor made any attempt to show that any exceptions to the application of this doctrine apply here. Any argument the prior court remand order improperly applied the law of the case doctrine should have been presented to the Ninth Circuit, rather than this Court. Furthermore, the Ninth Circuit has explained that the law of the case doctrine applies where an issue was "decided explicitly or by necessary implication in the previous disposition." *Herrington*, 12 F.3d at 904. Here, the Ninth Circuit did not merely impliedly reject Plaintiff's challenges to the ALJ's step-two findings, assessment of Plaintiff's testimony, and discounting of the opinions of Dr. Suffis, Ms. Tell, and Ms. Bennett, but instead

---

³ Plaintiff provides no specific argument in opposition to the Commissioner's argument that the law of the case doctrine applies to the ALJ's assessment of Dr. Rezvani's opinion (Dkt. 14 at 2, 3), which was affirmed in a prior court remand order. *See* Tr. 1418-21. Because the ALJ's reasons for discounting Dr. Rezvani's opinion were previously found to be legally sufficient in a court order, and Plaintiff has provided no argument that the law of the case doctrine does not apply, the Court will not reconsider that aspect of the ALJ's decision.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 6

explicitly found that these arguments were unpersuasive. *See* Tr. 942; *see also* Pl.'s Opening Br. at 25-53, *[Gary U.] v. Berryhill,* Case No. 14-35721 (9th Cir. Jan. 2, 2015), ECF No. 8. As found in the prior court remand order, "[t]he fact that the Ninth Circuit did not provide a more detailed explanation for discounting Plaintiff's other contentions does not prevent this Court from applying the law of the case doctrine with respect to the Ninth Circuit's evaluation of [the] 2012 [ALJ] decision." Tr. 1417.

Because the Ninth Circuit has previously rejected Plaintiff's challenge to the ALJ's step-two findings, assessment of Plaintiff's testimony, and discounting of the opinions of Dr. Suffis, Ms. Tell, and Ms. Bennett, and the U.S. District Court for the Western District of Washington found that the Ninth Circuit's disposition of those issues constituted the law of the case, the application of the law of the case doctrine to these issues is now the law of the case. Accordingly, the Court declines reconsider these aspects of the ALJ's decision.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 19th day of October, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge